UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

In re:

Shontel Latancia Maxey
    SSN: xxx-xx-5446
Debtor.

Case No. 16-**08573-JJG-13**

---

Shontel Latancia Maxey
Plaintiff

Adversary Proc. No. **16-**_____

vs.

Tidewater Finance Company
Defendant

## COMPLAINT FOR VIOLATION OF AUTOMATIC STAY

### Introduction

1.    Despite Plaintiff's filing of Chapter 13 Bankruptcy, Defendant has willfully attempted to collect a debt from Plaintiff by continuing to garnish her wages post-petition and then by failing to return those post-petition garnished wages in violation of the automatic stay after receiving notice from the Bankruptcy Clerk of Plaintiff's bankruptcy case, after filing Defendant's Claim in the bankruptcy case, and after receiving both a letter and an email from Plaintiff's Counsel.

### Jurisdiction

2.    This Court has jurisdiction to hear this matter under 28 U.S.C. § 1334, because it arises in that case and is related to it.  This proceeding is a core proceeding.

### Parties

3.    Plaintiff is a natural person residing the City of Indianapolis, County of Marion, State of Indiana, and also is a Debtor pursuant to the provisions of Chapter 13 of Title 11 of the United States Code.

4.    Defendant is Foreign For-Profit Corporation, operates as a finance company, and maintains a place of business, which to the best of Plaintiff's knowledge and belief is its principal place of business, at 6520 Indian River Rd., Virginia Beach, VA 23464-3439 and is duly listed as a creditor on Schedule F.  Defendant's Registered Agent

is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN 46204. Defendant's address where notices should be sent, per its claim (#4 in the bankruptcy case) is Tidewater Finance Company, P.O. Box 13306, Chesapeake, VA 23325 and its email address is tidewaterlegal@twcs.com.

## Facts

5.      On or about February 24, 2016, Defendant filed a civil collections case against Plaintiff in the Marion Superior Court, Civil Division 3 under cause number 49D03-1602-CC-006697 (the "Collections Case").

6.      On or about August 31, 2016 a default judgment in the Collections Case was entered in favor of the Defendant against the Plaintiff.

7.      Plaintiff's pay was garnished by Defendant on November 1, 2016 in the amount of $149.65.

8.      On November 7, 2016 (the "Petition Date"), Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code (see Bankruptcy Doc 1).

9.      On November 8, 2016 and November 15. 2016, Defendant garnished Plaintiff's pay in the amounts of $157.94 and $150.43, respectively, for a total post-petition garnished amount of $308.37. (See Plaintiff's pay advices attached to **Exhibit A, Letter.**)

10.      On November 11, 2016, the Bankruptcy Clerk's Office mailed the Notice of Chapter 13 Bankruptcy Case, listing Defendant on the Certificate of Notice at Defendant's preferred address of PO Box 13306, Chesapeake, VA 23325-0306. (See Bankruptcy Doc 10.)

11.      On November 28, 2016, Defendant filed its claim (#4) in Plaintiff's bankruptcy case. (See Bankruptcy Claim #4.)

12.      On December 12, 2016, Plaintiff's Counsel sent a letter to the attention of the Legal Department at Tidewater Finance Company demanding the return of the post-petition garnished pay in the amount of $308.37 within ten days and threatening immediate action for violating the automatic stay if Defendant failed to return Defendant's wages by that deadline. A copy of Plaintiff's pay advices showing the post-petition wage garnishments by circling them and circling the date of the pay advices were attached to the letter. Plaintiff also emailed a copy of the letter to the Legal Department at Tidewater Finance Company. (See **Exhibit A,** Letter and **Exhibit B,** E-mail.)

13.     Defendant has not returned Plaintiff's post-petition garnished wages as of the date of filing this Complaint.

14.     Defendant has not contacted Plaintiff or Plaintiff's Counsel as of the date of filing this Complaint.

## Defendant Violated the Stay

15.     Defendant's actions in continuing to garnish Plaintiff's pay after the Petition Date and Defendant's inaction in failing to return Plaintiff's post-petition garnished wages as outlined in rhetorical paragraph's 9 through 14 violate the automatic stay.

## Violation of the Stay was Willful

16.     Defendant has acted (by continuing to garnish Plaintiff's wages after the Petition Date) and by failing to act (by ignoring the letter from Plaintiff's Counsel and failing to return Plaintiff's post-petition garnished wages) with blatant disregard to court rules and procedures.

17.     Defendant was listed as a creditor on Plaintiff's Schedule F and had been advised of the bankruptcy at least since shortly after November 11, 2016 when the Bankruptcy Clerk mailed the Notice of Chapter 13 Bankruptcy Case and certainly knew of the bankruptcy case when it filed its Claim #4 in Plaintiff's bankruptcy case on November 28, 2016.

18.     Defendant ignored Plaintiff's Counsel's December 12, 2016 letter and email, which clearly outlined Defendant's post-petition wage garnishments of Plaintiff's pay, provided copies of Plaintiff's pay advices showing the garnished amounts by circling them and circling the dates on the pay advices, and warned Defendant that Plaintiff would promptly file an action against Defendant if it failed to return Plaintiff's money within ten days.

19.     A willful violation of the automatic stay occurs when the creditor knew that the stay had been invoked and deliberately intended the action that violated the stay (*In re Hedetneimi,* 297 B.R. 837 Bkrtcy. M.D. Fla. 2003).

## Plaintiff was Injured by Defendant's Misconduct

20.     Defendant deliberately attempted to collect from Plaintiff by purposefully failing to return Plaintiff's post-petition garnished wages with the willful intent to injure Plaintiff.

21.     Plaintiff filed for bankruptcy and believed she was relieved from the pressure and harassment from creditors seeking to collect their claims.

22.     However, Defendant has failed to abide by the automatic stay and has attempted to collect a debt by not returning Plaintiff's post-petition garnished wages and has left Plaintiff suffering from emotional distress.

23.     Plaintiff has been injured by Defendant's actions to collect the debt by refusing to return Plaintiff's post-petition garnished wages.

## Damages

WHEREFORE, Plaintiff prays that this Court will enter and Order:

a.     Declaring Defendant guilty of civil contempt for violating the automatic stay that went into effect on the Petition Date.

b.     Finding that Defendant's stay violation was willful.

c.     Awarding the Plaintiff-Debtor compensatory and punitive damages, plus attorney fees and costs pursuant to 11 U.S.C. § 362(k) and for contempt of Court. The Plaintiff's damages include:

i.     Plaintiff-Debtor's out-of-pocket expenses to cover the filing fee.

ii.     Plaintiff-Debtor's reasonable attorney's fees.

iii.     Additionally, Plaintiff has lost precious time from her personal and professional life while attempting to deal with Defendant's failure to return her post-petition garnished wages.

iv.     Plaintiff-Debtor has suffered interruption, annoyance, and continuing anxiety as he proceeds with his Chapter 13 Bankruptcy.

d.     Granting such additional relief as it deems necessary and proper.

Respectfully submitted,

/s/Jerry E. Smith
Jerry E. Smith #28071-49
Attorney for Plaintiff
JERRY E. SMITH, ATTORNEY CPA, PC
151 N. Delaware St., Suite 1106
Indianapolis, IN 46204
Phone: (317) 917-8680
Fax: (866) 567-6529
Email: jerry@debtlaw.us

# Jerry E. Smith, Attorney CPA, PC

320 N. Meridian St., Suite 801
Indianapolis, Indiana 46204
jerry@debtlaw.us
Phone: (317) 917-8680  FAX: (866) 567-6529

December 12, 2016

Attn: Legal Department
Tidewater Finance Company
P.O. Box 13306
Chesapeake, VA 23325

Also sent via e-mail to: tidewaterlegal@twcs.com

Re:    Shontel Latancia Maxey, Bankruptcy Case #16-08573-JJG-13
       Wages Garnished After Bankruptcy Filed Have NOT Been Returned

Dear Tidewater Finance Company,

I represent Shontel Maxey in the above referenced bankruptcy case. Ms. Maxey filed bankruptcy on November 7, 2016. You received money from her continuing wage garnishment on November 8 ($157.94) and November 15 ($150.43), totaling $308.37. I have attached copies of her pay advices for those dates showing that the garnishment continued. You filed your proof of claim in her bankruptcy case on November 28, 2016. However, despite your demonstrated knowledge of Ms. Maxey's bankruptcy, you have failed to return the wages garnished post-petition.

If you fail to return Ms. Maxey's $308.37 within ten days of the date of this letter, I will promptly file a motion for you to show cause why you should not be held in contempt of court for violating the automatic stay.

Thank you in advance for your cooperation in this matter.

Best regards,

Jerry E. Smith


**Johnson Controls**

| Tyco Integrated Security, LLC | Pay Group: | 21C-TIS TFSPAS Weekly Hourly | Business Unit: |
|---|---|---|---|
| 4700 Exchange Court, Suite 300 | Pay Begin Date: | 10/26/2016 | Advice #:   000000006469325 |
| Boca Raton, FL 33431-4464 | Pay End Date: | 11/01/2016 | Advice Date:   11/08/2016 |
| 855/889-2647 | | | |

| | | | TAX DATA: | Federal | IN State |
|---|---|---|---|---|---|
| Shontel L Maxey | Employee ID: | 037646 | Marital Status: | Single | N/A |
| 4416 Maple Lane | Department: | 0371-National Data & Download | Allowances: | 7 | 4 |
| Indianapolis, IN  46226 | Location: | Indianapolis IN NAS | Addl. Pct: | | |
| | Job Title: | Technician.II.Down Line Load.N | Addl. Amt: | | |
| | Pay Rate: | $16.190000 Hourly | | | |

### HOURS AND EARNINGS

| | | | Current | | YTD | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Regular | 16.190000 | 40.00 | 647.60 | 1,611.42 | 26,066.41 | Fed Withholding | 0.00 | 304.66 |
| Overtime Pay | 24.280000 | 1.58 | 38.37 | 57.08 | 1,393.21 | Fed MED/EE | 8.53 | 394.22 |
| PTO | 16.190000 | 0.67 | 10.85 | 155.63 | 2,519.65 | Fed OASDI/EE | 36.44 | 1,685.61 |
| Holiday Pay | | | 0.00 | 56.00 | 897.04 | IN Withholding | 13.08 | 612.51 |
| Holiday Overtime Pay | | | 0.00 | 12.10 | 291.45 | IN MARION Withholding | 7.02 | 328.54 |
| PFP Bonus | | | 0.00 | | 600.00 | | | |
| Health Rewards | | | 0.00 | | 325.00 | | | |
| NonTaxable Tuition < 5250 | | | 0.00 | | 3,564.00 | | | |
| | | | | | | | | |
| Total Hrs worked | | 41.58 | | | | | | |
| **TOTAL:** | | 42.25 | 696.82 | 1,892.23 | 35,656.76 | **TOTAL:** | 65.07 | 3,325.54 |

| BEFORE-TAX DEDUCTIONS | | | AFTER-TAX DEDUCTIONS | | | EMPLOYER PAID BENEFITS | | |
|---|---|---|---|---|---|---|---|---|
| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
| 401K | 27.87 | 1,270.70 | Personal AD&D | 1.19 | 53.46 | 401K | 27.87 | 1,270.67 |
| Health Savings Account | 30.77 | 1,384.65 | Additional Employee Life | 4.39 | 197.16 | W2 Health Care Reporting | 0.00 | 11,107.12 |
| Dental Pre-Tax | 7.49 | 337.05 | Child Life | 0.12 | 5.40 | HSA - ER Match | 0.00 | 1,000.00 |
| Medical Before Tax | 70.75 | 3,183.75 | Garnishmen-Writ | 157.94 | 307.59 | | | |
| | | | Long Term Disability | 2.68 | 120.39 | | | |
| | | | Spouse Life | 1.81 | 81.45 | | | |
| | | | Voluntary Benefits | 9.24 | 387.59 | | | |
| | | | Loan 1 - TYCO | 0.00 | 148.39 | | | |
| **TOTAL:** | 136.88 | 6,176.15 | **TOTAL:** | 177.37 | 1,301.43 | *TAXABLE | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 696.82 | 559.94 | 65.07 | 314.25 | 317.50 |
| YTD | 35,656.76 | 25,916.61 | 3,325.54 | 7,477.58 | 24,853.64 |

| YEAR-TO-DATE | VAC HOURS | SCK/PERS | NET PAY DISTRIBUTION | | | |
|---|---|---|---|---|---|---|
| Start Balance | 0.00 | 0.00 | | Account Type | Account Number | Deposit Amount |
| + Earned | 0.00 | 0.00 | Advice #000000006469325 | Checking | XXXXX4701 | $317.50 |
| + Bought | 0.00 | 0.00 | | | | |
| - Taken | 0.00 | 0.00 | | | | |
| - Sold | 0.00 | 0.00 | | | | |
| + Adjustments | 0.00 | 0.00 | | | | |
| End Balance | 0.00 | 0.00 | **TOTAL:** | | | $317.50 |

MESSAGE:



**Johnson Controls**

| | | | |
|---|---|---|---|
| Tyco Integrated Security, LLC | Pay Group: | 21C-TIS TFSPAS Weekly Hourly | Business Unit: |
| 4700 Exchange Court, Suite 300 | Pay Begin Date: | 11/02/2016 | Advice #: 000000006477902 |
| Boca Raton, FL 33431-4464 | Pay End Date: | 11/08/2016 | Advice Date: 11/15/2016 |
| 855/839-2647 | | | |

| | | | | TAX DATA: | Federal | IN State |
|---|---|---|---|---|---|---|
| Shontel L Maxey | Employee ID: | 037646 | | Marital Status: | Single | N/A |
| 4416 Maple Lane | Department: | 0371-National Data & Download | | Allowances: | 7 | 4 |
| Indianapolis, IN 46226 | Location: | Indianapolis IN NAS | | Addl. Pct: | | |
| | Job Title: | Technician.II.Down Line Load.N | | Addl. Amt: | | |
| | Pay Rate: | $16.190000 Hourly | | | | |

### HOURS AND EARNINGS

| | | Current | | YTD | | TAXES | | |
|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Regular | 16.190000 | 40.00 | 647.60 | 1,651.42 | 26,714.01 | Fed Withholdng | 0.00 | 304.66 |
| Overtime Pay | 24.300000 | 0.10 | 2.43 | 57.18 | 1,395.64 | Fed MED/EE | 8.02 | 402.24 |
| PTO | 16.190000 | 0.77 | 12.47 | 156.40 | 2,532.12 | Fed OASDI/EE | 34.32 | 1,719.93 |
| Holiday Pay | | | 0.00 | 56.00 | 897.04 | IN Withholdng | 12.00 | 624.51 |
| Holiday Overtime Pay | | | 0.00 | 12.10 | 291.45 | IN MARION Withholdng | 6.43 | 334.97 |
| PFP Bonus | | | 0.00 | | 600.00 | | | |
| Health Rewards | | | 0.00 | | 325.00 | | | |
| NonTaxable Tuition < 5250 | | | 0.00 | | 3,564.00 | | | |
| Total Hrs worked | | 40.10 | | | | | | |
| **TOTAL:** | | 40.87 | 662.50 | 1,933.10 | 36,319.26 | **TOTAL:** | 60.77 | 3,386.31 |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| 401K | 26.50 | 1,297.20 |
| Health Savings Account | 30.76 | 1,415.41 |
| Dental Pre-Tax | 7.49 | 344.54 |
| Medical Before Tax | 70.75 | 3,254.50 |
| **TOTAL:** | 135.50 | 6,311.65 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Personal AD&D | 1.19 | 54.65 |
| Additional Employee Life | 4.39 | 201.55 |
| Child Life | 0.12 | 5.52 |
| Garnishmen-Writ | 150.43 | 458.02 |
| Long Term Disability | 2.68 | 123.07 |
| Spouse Life | 1.81 | 83.26 |
| Voluntary Benefits | 9.24 | 396.83 |
| Loan 1 - TYCO | 0.00 | 148.39 |
| **TOTAL:** | 169.86 | 1,471.29 |

### EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| 401K | 26.50 | 1,297.17 |
| W2 Health Care Reporting | 0.00 | 11,107.12 |
| HSA - ER Match | 0.00 | 1,000.00 |
| *TAXABLE | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 662.50 | 527.00 | 60.77 | 305.36 | 296.37 |
| YTD | 36,319.26 | 26,443.61 | 3,386.31 | 7,782.94 | 25,150.01 |

| YEAR-TO-DATE | VAC HOURS | SCK/PERS |
|---|---|---|
| Start Balance | 0.00 | 0.00 |
| + Earned | 0.00 | 0.00 |
| + Bought | 0.00 | 0.00 |
| - Taken | 0.00 | 0.00 |
| - Sold | 0.00 | 0.00 |
| + Adjustments | 0.00 | 0.00 |
| End Balance | 0.00 | 0.00 |

### NET PAY DISTRIBUTION

| | Account Type | Account Number | Deposit Amount |
|---|---|---|---|
| Advice #000000006477902 | Checking | XXXXX4701 | $296.37 |
| **TOTAL:** | | | $296.37 |

MESSAGE:

EXHIBIT B

## Jerry E. Smith

| | |
|---|---|
| **From:** | Jerry E. Smith |
| **Sent:** | Monday, December 12, 2016 8:44 PM |
| **To:** | tidewaterlegal@twcs.com |
| **Subject:** | Failure to Return Post-Petition Wage Garnishment, Shontel Maxey #16-08573 |
| **Attachments:** | Letter to Tidewater Legal Dept Re Shontel Maxey 16-08573.pdf |

Dear Tidewater Finance Company Legal Department,

Please find attached the letter I just sent you regarding your failure to return wages garnished after Shontel Maxey filed her bankruptcy case #16-08573.

If you fail to return her money within ten days (by December 22nd), I will promptly file a motion to show cause seeking to find you in contempt for violating the automatic stay.

Thank you in advance for your cooperation in this matter.

Best regards,

Jerry Smith

Jerry E. Smith, Attorney
JERRY E. SMITH, ATTORNEY CPA, PC
320 N. Meridian St., Suite 801
Indianapolis, IN 46204
Phone: (317) 917-8680
Fax: (866) 567-6529
Email: jerry@debtlaw.us

CONFIDENTIALITY NOTICE:
-JERRY E. SMITH, ATTORNEY CPA, PC E-MAIL-
This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of the e-mail is a violation of federal criminal law.

1